# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SHANNON CLEVELAND,

      Plaintiff,

v.                                          No. 1:22-cv-00101-JHR

TIM KELLER,
HECTOR BALDERAS,
CARMEN LUJAN, ESTATE OF BEN LUJAN SR.,
CITY OF ALBUQUERQUE,
LANDMARK REALTY, and
EAGLE'S NEST H.O.A,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER TO SHOW CAUSE</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case

Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship), Doc. 1, filed February 14, 2022

("Complaint").

Plaintiff filed his Complaint using the form "Complaint for a Civil Case Alleging

Negligence (28 U.S.C. § 1332; Diversity of Citizenship)."  Plaintiff alleges that:

> "<u>ALL</u>" Defendants conspired with Federal Government to invade my privacy by peeping, filming & recording my fiance to make porn video & exploit me! ... The property owners failed to act within a reasonable time after I made them aware! The A.G. & Mayor are also negligent! I filed complaint's with the Feds, AG, ACLU, Marshal's because crimes were committed and the[y] failed to act & did nothing. Ben & Carmen Lujan masterminded this government conspiracy. Defendants purposefully & intentionally caused harm while acting with no regards!  I have been to St. Vincent's mental hospital twice for this trauma! ... My injuries would not have happened w/o the defendant's acts ... Landmark Realty & Eagle's Nest H.O.A gave me a defective apt, with negligent construction while negligently operating utilities.

Complaint at 4-6.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

It appears the Court should dismiss this case because Complaint does not show that Court has jurisdiction over this matter.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  Although Plaintiff used the form "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)," the Complaint also states that Plaintiff and all Defendants reside in New Mexico. Complaint at 1-3.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).  Consequently, there is no properly alleged diversity jurisdiction.  There also is no properly alleged federal question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction.  If Plaintiff asserts that the Court has jurisdiction over this case, Plaintiff shall also file an amended complaint alleging facts that supporting the Court's jurisdiction over this case.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for lack of jurisdiction.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**