IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANNON CLEVELAND,

      Plaintiff,

v.                                              Civ. No. 1:22-cv-00101 MIS/JHR

TIM KELLER,
HECTOR BALDERAS,
CARMEN LUJAN, ESTATE OF BEN LUJAN SR.,
CITY OF ALBUQUERQUE,
LANDMARK REALTY, and
EAGLE'S NEST H.O.A,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Complaint for a

Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)."

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that:

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the
burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733
F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited
jurisdiction, we presume no jurisdiction exists absent an adequate showing by the
party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir.
2000) ("even if the parties do not raise the question themselves, it is our duty to
address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs.
Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

It appears the Court should dismiss this case because the Complaint does not show
that the Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the
court determines at any time that it lacks subject-matter jurisdiction, the court must
dismiss the action"). Although Plaintiff used the form "Complaint for a Civil Case
Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)," the Complaint
also states that Plaintiff and all Defendants reside in New Mexico. Complaint at 1–
3. To invoke diversity jurisdiction, "a party must show that complete diversity of
citizenship exists between the adverse parties and that the amount in controversy
exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). "Complete
diversity is lacking when any of the plaintiffs has the same residency as even a
single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

Consequently, there is no properly alleged diversity jurisdiction. There also is no properly alleged federal question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Order to Show Cause at 2, Doc. 5, filed February 17, 2022. Judge Ritter ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and, if Plaintiff asserts that the Court has jurisdiction over this case, to file an amended complaint alleging facts that support the Court's jurisdiction over this case. Judge Ritter also notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case.

Plaintiff did not show cause why the Court should not dismiss this case for lack of jurisdiction or file an amended complaint alleging facts that support jurisdiction by the March 10, 2022, deadline.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
**UNITED STATES DISTRICT JUDGE**

2